951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael DAVENPORT, Plaintiff-Appellant,
v.
Joseph CAMPOY; Dr. Jordan; Dr. B. Textor, Defendants-Appellees.
 No. 91-15171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Davenport, a California state prisoner, appeals pro se the district court's summary judgment in favor of the government and dismissal without prejudice of this 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and affirm.
 
 
 3
 * On December 20, 1984, Davenport filed a petition for writ of mandate in the Sacramento County Superior Court. In his petition, Davenport alleged that prison officials (1) "denied [him] any medical attention whatever," (2) refused to supply him with a metal leg brace as opposed to a plastic brace, and (3) "refuse [sic] to comply with the Medical Directive of the Orthopedic Specialist and transfer petitioner to a facility where treatment might be obtained." Among the prison officials named in the petition were Joseph McCarthy, Director of the California Department of Corrections, Joe Campoy, Warden of Folsom Prison, Dr. Jordon, and Dr. Textor. After examining the merits of Davis's claims, the state superior court denied the writ of mandate.
 
 
 4
 On September 17, 1985, Davenport brought this action in the United States District Court for the Eastern District of California. In his complaint, Davenport alleged that defendants Joe Campoy, Dr. Textor, and Dr. Jordon deprived him of adequate medical attention by (1) refusing to replace his plastic leg brace with metal ones, and (2) refusing to transfer him to a medical facility. The district court granted summary judgment in favor of defendants, based on its finding that the action was barred by res judicata.
 
 
 5
 * Davenport contends that the district court erred in determining that this action is barred by res judicata. This contention lacks merit.
 
 
 6
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). This holds true for claims brought under 42 U.S.C. § 1983. See Allen v. McCurry, 449 U.S. 90, 96-97 (1980). Res judicata applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action. Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 (9th Cir.1986).
 
 
 7
 "When a state court judgment is the source of the supposed res judicata (claim preclusion), 28 U.S.C. § 1738 provides that a federal court must give the state court judgment the same full faith and credit as it would be entitled to in the courts of the state in which it was entered." Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir.1986). Under California law, the issue of res judicata is approached by focusing on the "primary right" at stake.
 
 
 8
 [I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.
 
 
 9
 Id. (citing Eichman v. Fotomat Corp. 147 Cal.App.3d 1170, 1174-75, 197 Cal.Rptr. 612, 614 (1983).
 
 
 10
 "It is well settled in California that the doctrine of res judicata applies to judgment in mandamus proceedings." Clark, 785 F.2d at 784 n. 1. Moreover, "a claim involving federal constitutional rights may be joined to a California mandamus action." "Indeed, California courts have expressly stated that a writ of mandate is an appropriate remedy for the enforcement of a civil right." Id. at 786 n. 5 (citing Hardy v. Stumpf, 37 Cal.App.3d 958, 961 112 Cal.Rptr. 739, 741 (1974)).
 
 
 11
 Here, the allegations made before the state court substantially overlap with those made in Davenport's section 1983 complaint filed in the district court. Furthermore, although Davenport did not raise a section 1983 claim in the state proceeding, he had the opportunity to do so. Clark, 785 F.2d at 786 ("a section 1983 claim may be brought in California state courts") (citing Brown v. Pitchess, 13 Cal.3d 518, 531 P.2d 772, 774-75, 119 Cal.Rptr. 204, 206-07 (1975)). Accordingly, because Davenport's causes of action involving the primary right of prisoners to receive adequate medical attention were raised and resolved in the state court mandamus proceeding, he is precluded from relitigating those causes of action in federal court. See Clark, 785 F.2d at 784.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Davenport's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3