956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali Asghar PASHA, Plaintiff-Appellant,
v.
COOKSEY, HOWARD, MARTIN & TOOLEN, INC., a California
Corporation; Chrysler Corporation; Lee Iacoca;
County of Orange; State of California;
California State Bar
Association,
Defendants-
Appellees.
 No. 91-55314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali Asghar Pasha appeals pro se the district court's summary judgment in favor of the defendants. We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by the parties on the same cause of action. See Montana v. United States, 440 U.S. 147, 153 (1979); American Triticale, Inc. v. Nytco Serv. Inc., 664 F.2d 1136, 1146-47 (9th Cir.1981). Res judicata applies not only to those claims actually litigated in the first action, but also to those which might have been litigated as part of that cause of action. Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 (9th Cir.1986).
 
 
 4
 Pasha failed to appear at the hearing on the defendants' various motions for summary judgment and dismissal. The district court, however, took judicial notice of the complaint filed by Pasha in the state court, and noted that it was virtually identical to the complaint filed in the district court. In the state court action, Pasha sued various defendants for alleged misconduct arising out of the events surrounding the seizure of Pasha's automobile by Chrysler Credit Corporation and the subsequent state court litigation.
 
 
 5
 The district court properly granted summary judgment in favor of defendants Chrysler and Iacocca, Orange County, and Cooksey, Howard, Martin and Tooley because the claims against these defendants were raised and litigated in the state court action. See Montana, 440 U.S. at 153; American Triticale, 664 F.2d at 1146-47. Because the State Bar of California is a state agency, and because the State has not consented to suit, see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), both the State and the State Bar enjoy sovereign immunity and cannot be sued under section 1983, regardless of the nature of the relief sought, see Welch v. Texas Dept. of Highways and Pub. Transp., 483 U.S. 468, 472 (1985); Pennhurst State School & Hops. v. Halderman, 465 U.S. 89, 100-01 (1984); Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986). Accordingly, the district court properly dismissed the state and the State Bar. See Atascadero, 473 U.S. at 241.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pasha names the state for the acts of the California Department of Justice. The district court properly granted summary judgment in favor of the California Department of Justice on the grounds of eleventh amendment immunity. See Atascadero, 473 U.S. at 241