112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph F. WALKER; Katie M. Walker, Plaintiffs-Appellants,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT; Aaron Helmage; Wanda
Helmage; Martha Palacio; Irene Yamahara; Alan
Tomiyama, Defendants-Appellees.
 No. 96-55633.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph F. Walker appeals the district court's orders granting partial dismissal and summary judgment for defendants in his race discrimination action.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Motion to Dismiss
 
 3
 The district court partially dismissed Walker's federal complaint on res judicata grounds because it alleged ongoing discrimination, against the same defendants, flowing from the same set of circumstances, as his prior state court complaint. The district court concluded that Walker's federal action related to the same primary right as his state action, the state action resulted in a final judgment on the merits, and the parties to the two actions were identical. See Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1995). We review de novo a dismissal on res judicata grounds, see United Parcel Serv., Inc. v. California Pub. Util. Comm'n, 77 F.3d 1178, 1182 (9th Cir.1996), and we agree.
 
 
 4
 Walker contends dismissal was inappropriate because the state court judgment was entered prior to the issuance of a right-to-sue letter under Title VII, 42 U.S.C. § 2000e. Walker's contention is without merit. Walker did not plead a Title VII cause of action in his state or federal complaint; thus jurisdictional requirements under Title VII are irrelevant.[2]
 
 
 5
 Accordingly, we affirm the district court's dismissal on res judicata grounds of all claims of discrimination occurring before entry of the state court judgment. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 788-89 (9th Cir.1986).
 
 II. Motion for Summary Judgment
 
 6
 Walker contends his certified deposition and verified complaint raise genuine issues of material fact as to the one alleged act of retaliation that occurred after entry of the state court judgment. We review de novo a grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994), and we disagree with Walker's contention.
 
 
 7
 Although Walker's deposition was completed on August 17, 1995, he submitted it to the district court for the first time in conjunction with his motion to reconsider the summary judgment granted on February 9, 1996. The district court did not abuse its discretion by declining to consider the late-filed deposition. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993) (stating documents available at time of opposition to summary judgment were not "newly discovered evidence" warranting reconsideration). Accordingly, Walker may not rely on his deposition to raise a triable issue. See id.
 
 
 8
 The district court erred by refusing to consider Walker's verified complaint as an affidavit in opposition to summary judgment. See McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir.1987). However, we may affirm on any ground supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). Because Walker's complaint contains no evidence to refute the District's proffered legitimate business reason for reducing Walker's work hours, we affirm the district court's grant of summary judgment as to Walker's remaining claim for retaliation. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-91 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Katie M. Walker's claims are predicated upon Joseph F. Walker's claims, we address Mr. Walker's claims only
 
 
 [2]
 Walker merely refers to Title VII in his statement of jurisdiction