116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David G. MOORE, Plaintiff-Appellant,
v.
CITY OF WESTMINSTER; Jerry Kenney, in his official capacity
as City manager for the City of Westminster and
individually; Mike Bouvier, in his capacity as Planning and
Building Manager for the City of Westminster and
individually; Al Brackett, in his capacity as Police
Officer for the City of Westminster and individually; John
Lupe, in his capacity as Parking Enforcement Officer for the
City of Westminster and individually; Della Pesqueira, in
her capacity as License and Zoning Inspector for the City of
Westminster and individually; Medlin's Towing, David E.
Pane, Owner; Carr Towing, Inc.; Country City Towing,
Defendants-Appellees.
 No. 96-56215.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-01093-AHS; Alicemarie H. Stotler, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David G. Moore appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1983, 1985 civil rights action alleging that the defendants violated his constitutional rights by seizing several of his automobiles. Moore claims that the Westminster Municipal Code ("Code"), pursuant to which the defendants seized his vehicles, violates the Due Process Clause. Moore also appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 The district court dismissed Moore's action pursuant to a local rule after Moore failed to file a timely opposition to the defendants' motion to dismiss. We need not decide whether such a dismissal was proper here because the record demonstrates that Moore's action is barred by res judicata. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (stating that this court may affirm the district court's judgment on any ground finding support in the record); Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir.1986) (holding that "a federal court must give [a] state court judgment the same full faith and credit as it would be entitled to in the courts of the state in which it was entered"); Slater v. Blackwood, 543 P.2d 593, 594 (Cal.1975) (stating that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action").
 
 
 4
 To the extent that Moore contends that the district court judge in this case was biased, we reject this contention because Moore has failed to offer any support for this contention. Because Moore's action is barred by res judicata, we need not address whether the district court properly denied his motion for reconsideration.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3