NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANSE SULLIVAN, | No. 08-17469 |
| Plaintiff - Appellant, | D.C. No. 5:04-cv-02089-JW |
| v. | |
| COUNTY OF SANTA CLARA, the Santa Clara County Board of Supervisors; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| T. P. RYAN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted May 25, 2010[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Manse Sullivan appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action challenging the conditions of confinement in county jail during his civil commitment proceedings under the Sexually Violent Predators Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 761 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment as to Sullivan's claims arising from his confinement in 1999 because those claims have already been litigated, or could have been litigated, by the parties or their privies in state court. *See Sullivan v. Santa Clara County Bd. of Supervisors*, No. CV 812427, slip op. at 1 (Cal. Super. Ct. Oct. 29, 2003) (dismissing Sullivan's claims with prejudice); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (describing elements of res judicata under California law).

However, Sullivan's claims arising from his confinement in 2003 and 2004 were not raised in the state court case filed on November 4, 2002, and thus, those claims are not precluded. *See Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 789 (9th Cir. 1986) ("The doctrine of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, and to the legal

rights and relations of the parties as fixed by the facts determined in the judgment.").  Accordingly, we reverse the grant of summary judgment as to those claims, and remand for further proceedings.

Sullivan's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**