**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN STEVEN HALLMAN, | No. 11-17098 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-03548-LHK |
| v. | |
| MATTHEW CATE, Secretary of the California Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner John Steven Hallman appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Hallman's request for oral argument is denied.

process and First Amendment violations in connection with his 2008 re-validation as an associate of the Mexican Mafia prison gang. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001) (failure to state a claim); *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam) (issue preclusion). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal was proper because the state court's denial of Hallman's petition for a writ of habeas corpus challenging his retention in the Security Housing Unit precluded Hallman from relitigating the same issues in a § 1983 action. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). Hallman's contention that he was not provided a full and fair opportunity to litigate these issues in the prior proceeding is unpersuasive. *See Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 786 (9th Cir. 1986) ("[A]n *opportunity* to reach the merits is sufficient to invoke a preclusive effect.").

Absent an underlying constitutional violation, Hallman's supervisory liability claim fails to state a claim upon which relief can be granted. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating standard).

To the extent that Hallman alleges that his continued retention in the Security Housing Unit following his 2008 re-validation is an "atypical and significant hardship" in violation of his federal due process rights, this claim is not viable because, even if there was a protected liberty interest at stake, the documents submitted in support of his complaint show that he received all of the process that was due. *See Wilkinson v. Austin*, 545 U.S. 209, 229 (2005).

Hallman's motion for appointment of counsel, filed on August 10, 2012, is denied as moot.

**AFFIRMED.**