**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN SUI, an individual; PEI-YU YANG, | Nos. 12-56935, 13-56181 |
| Plaintiffs - Appellants, | D.C. No. 8:11-cv-01340-JAK-AJW |
| v. | |
| 2176 PACIFIC HOMEOWNERS ASSOCIATION, a California Corporation; STEPHEN D. PRICE, an individual, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding
Andrew J. Wistrich, Magistrate Judge, Presiding

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

In these consolidated appeals, plaintiffs Yan Sui and Pei-Yu Yang appeal

pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising from the towing of their van and the district court's subsequent award of attorney's fees to defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and a dismissal based on the doctrine of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We review for an abuse of discretion an award of attorney's fees, and review de novo the underlying legal analysis. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059-60 (9th Cir. 2006). We affirm as to the judgment, but reverse and remand as to the award of attorney's fees.

In No. 12-56935, the district court properly dismissed plaintiffs' claims arising from the towing of their van and the alleged falsely reported debt against Yang that arose before the state court litigation filed on March 15, 2010, because those claims were based on the same primary right asserted in prior state court actions. *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory." (citation omitted)); *In re Estate of Dito*, 130 Cal. Rptr. 3d 279, 286 (Ct. App. 2011) ("Under the doctrine of res judicata, all claims based on the same cause of action must be decided in a single suit; if not brought initially,

they may not be raised at a later date." (citation and internal quotation marks omitted)); *see also Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 789 (9th Cir. 1986) ("The doctrine of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts determined in the judgment.").

To the extent that plaintiffs' claim under the Fair Credit Reporting Act ("FCRA") was not precluded, the district court properly dismissed plaintiffs' FCRA claim because plaintiffs cannot bring a private action under 15 U.S.C. § 1681s-2(a) and plaintiffs failed to allege facts sufficient to show that they notified a consumer reporting agency about the dispute under § 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (under the FCRA, 15 U.S.C. § 1681s-2(a) does not create a private right of action and the duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency).

Plaintiffs' contentions concerning the *Rooker-Feldman* doctrine and dismissal without leave to amend are unpersuasive.

In No. 13-56181, the Magistrate Judge based the award of attorney's fees on the fee provision in the homeowners association's Declaration of Covenants, Conditions and Restrictions ("CC&R's"). That fee provision provides for

attorney's fees for the prevailing party in an action initiated to enforce any provisions of the governing document. The Magistrate Judge alternatively relied on former California Civil Code § 1354(c), now codified at § 5975(c), which provides for attorney's fees for the prevailing party "[i]n an action to enforce the governing documents" of a common interest development. However, plaintiffs' action is not properly construed as an action seeking to enforce the CC&R's, but instead one seeking redress for alleged civil rights violations. *See Chee v. Amanda Goldt Prop. Mgmt.*, 50 Cal. Rptr. 3d 40, 56-57 (Ct. App. 2006) (explaining that the "relevant question" to entitlement of fees "is whether the action is to enforce the rights and obligations of the parties under . . . the CC&R's"); *cf. Gil v. Mansano*, 17 Cal. Rptr. 3d 420, 424-25 (Ct. App. 2004) (explaining that "actions to enforce" is narrow statutory language). Accordingly, the Magistrate Judge erred by awarding attorney's fees.

**Appeal No. 12-56935: AFFIRMED.**

**Appeal No. 13-56181: REVERSED and REMANDED.**