**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A. CARNACCHI, | No. 12-17293 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06339-LB |
| v. | |
| U.S. BANK N.A. ND; U.S. BANCORP, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Michael A. Carnacchi appeals pro se from the district court's judgment

dismissing his Racketeer Influenced and Corrupt Organizations Act ("RICO")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 784 (9th Cir. 1986), and we affirm.

The district court properly dismissed Carnacchi's RICO claim as barred by the doctrine of claim preclusion because Carnacchi's RICO claim was based on the same primary right asserted in a prior state court action that was dismissed without leave to amend.  *See id.* (federal courts look to state law to determine the preclusive effect of a state court judgment); *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301, 306-07 (Cal. 2002) (setting forth elements of the doctrine of claim preclusion under California's primary rights theory); *Keidatz v. Albany*, 249 P.2d 264, 265 (Cal. 1952) (the sustaining of a demurrer and an adjudication that the facts alleged do not state a claim is a judgment on the merits and bars a second action unless new facts cure defects in the original pleading).

Contrary to Carnacchi's contention, the public policy exception to California's claim preclusion law does not apply in this case.  *See Clark*, 785 F.2d at 788 (relief is granted in "unusual circumstances" to prevent "manifest injustice" and "appears to be limited to situations where the doctrine of [claim preclusion] prevents relitigation of pure questions of law" (citation and internal quotation marks omitted)).

We reject Carnacchi's contention regarding the ultra vires doctrine.

12-17293

Carnacchi's pending motions for judicial notice and oral argument are denied as unnecessary.

**AFFIRMED.**