NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHOSROW KAMALI, an individual, | No. 20-55520 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-01949-JVS-ADS |
| v. | |
| JOHN CHRISTOPHER HIDDLESON, in his official capacity as Assistant Chief Legal Counsel for California Department of Transportation District 7, and in his personal capacity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SHIRLEY CHOATE, in her official capacity as Chief Deputy Director for California Department of Transportation District 7, and in her personal capacity; et al., | |
| Defendants. | |

| | |
|---|---|
| KHOSROW KAMALI, an individual, | No. 20-55526 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-00238-JVS-ADS |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LAURIE BERMAN, in her official capacity as Director of the California Department of Transportation; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 6, 2021
Pasadena, California

Before: WARDLAW, GOULD, Circuit Judges, and DONATO,[**] District Judge.

Khosrow Kamali appeals the district court's dismissal of his claims under 42 U.S.C. § 1983 alleging that the California Department of Transportation ("Caltrans"), through its employees (collectively, "Defendants"), violated Kamali's First and Fourteenth Amendment rights. Specifically, Kamali, himself a former employee, alleges that Defendants barred him from accessing certain employee-only sections of a Caltrans building on two occasions in October 2017 in retaliation for his prior successful lawsuit against the agency. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is not the first lawsuit Kamali has brought based on his alleged exclusions from certain sections of Caltrans's building. Kamali first sued Caltrans

---

[**] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

in Los Angeles County Superior Court on March 1, 2018, for the same conduct, alleging that Caltrans violated the Unruh Civil Rights Act ("Unruh Act"), intentionally inflicted emotional distress, and negligently inflicted emotional distress. Kamali later voluntarily dismissed his emotional distress claims, and the Superior Court ultimately dismissed his Unruh Act claim in late 2018.

Subsequently, in October of 2019, Kamali filed the instant action against Defendants in the Central District of California, this time alleging that Defendants violated his First and Fourteenth Amendment rights based on the October 2017 exclusions. Specifically, Kamali alleged that Caltrans unlawfully excluded him in retaliation for exercising his right to free speech as expressed in his prior lawsuits and his advocacy for other Caltrans employees. The district court granted Defendants' motions to dismiss, concluding that Kamali's federal claims were barred by the doctrine of res judicata.

1. We agree that Kamali's federal claims are precluded by res judicata. We look to California law when considering the preclusive effect of a California state court judgment. *See* 28 U.S.C. § 1738. Under California law, res judicata bars claims in a subsequent proceeding if "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to

3

the prior proceeding." *People v. Barragan*, 32 Cal. 4th 236, 253 (2004) (citation omitted). To determine whether a claim is "identical," California's res judicata doctrine rests on the "primary right theory," which posits that "a cause of action is comprised of (1) a 'primary right' of the plaintiff; (2) a primary duty of the defendant; and (3) a wrongful act by the defendant constituting a breach of that duty." *See Franceschi v. Franchise Tax Bd.*, 1 Cal. App. 5th 247, 257–58 (2016) (cleaned up).

Here, Kamali's federal claims are "identical" to his state court claims. *Id*. at 257. In both actions, Kamali asserts (1) the same primary right, the right to be free from improper retaliation for engaging in protected activity, *i.e.*, filing lawsuits or otherwise advocating against Caltrans; (2) based on the same primary harm, *i.e.*, his exclusions from sections of the Caltrans building on the same two days in October of 2017; and (3) were allegedly inflicted by the same actors, Caltrans employees. Thus, Kamali "has merely presented a new legal theory upon which []he seeks recovery." *Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.*, 783 F.2d 848, 851 (9th Cir. 1986) (citation omitted); *see Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) ("The cause of action is the right to obtain redress for a harm suffered, regardless of . . . the legal theory advanced.").

No new and continuing facts support Kamali's new federal claims. Because Defendants' alleged exclusionary order against Kamali has not changed since the

state court judgment, it is merely an unchanged, continuing harm that is insufficient to revive Kamali's claims. *See Clark v. Yosemite Comm. College Dist.*, 785 F.2d 781, 789 (9th Cir. 1986).

2.      The district court did not err in finding that John Hiddleson is in privity with Caltrans. "Privity requires the sharing of an identity or community of interest, with adequate representation of that interest in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 826 (2015) (internal quotation marks omitted). "Privity has expanded over the years" such that privity "deals with a person's relationship to *the subject matter of the litigation*." *Castillo v. Glenair, Inc.*, 23 Cal. App. 5th 262, 279 (2018), *as modified on denial of reh'g* (May 14, 2018) (cleaned up). Hiddleson is (and was at all relevant times) employed by and shares substantial interests with Caltrans, the prior defendant in Kamali's state court action, including the same community of interest in the outcome of the litigation. *See*, *e.g.*, *Castillo*, 23 Cal. App. 5th at 279–80.

3.      The district court did not err in finding that Brian Gray's actions were not attributable to Caltrans or the State of California because Gray's conduct fails to constitute "state action" under either "the public function test" or "the joint action test" asserted by Kamali. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)**.** First, under the public function test, Gray's functions as a private security guard were not "both traditionally and *exclusively* governmental." *Lee v. Katz*, 276

5

F.3d 550, 555 (9th Cir. 2002) (emphasis added) (citation omitted).  Second, under the joint action test, Kamali makes only the conclusory allegation that Gray implemented Caltrans's exclusionary order without alleging any specific actions taken by Gray to that end—a far cry from the "substantial degree of cooperation" we have required to satisfy this test.  *Franklin*, 312 F.3d at 445.

4.      Lastly, the district court did not err in denying Kamali further leave to amend because "any amendment would be an exercise in futility."  *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998).

**AFFIRMED.**