[Civ. No. 26921. Fourth Dist., Div. One. Oct. 14, 1983.]

ADRIAN C. EICHMAN et al., Plaintiffs and Appellants, v. FOTOMAT CORPORATION, Defendant and Respondent.

COUNSEL

Franklin & McCann, Franklin & Franklin, J. David Franklin and Peter R. Conrad for Plaintiffs and Appellants.

John H. L'Estrange, Jr., for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Adrian and Margaret Eichman appeal the judgment entered after the superior court sustained Fotomat Corporation's demurrer without leave to amend. The Eichmans contend the superior court erred in finding a judgment in an earlier action between the Eichmans and Fotomat is res judicata and bars the present suit.

The Eichmans entered into a franchise agreement with Fotomat in 1968. In 1973 the Eichmans sued Fotomat in the Superior Court of San Bernardino County, alleging Fotomat breached the franchise agreement and violated California's Unfair Trade Practices Act (Bus. & Prof. Code, § 17000 et seq.). In that suit, the Eichmans contended Fotomat sold goods and services to them at a higher price than it charged its company-owned stores; did not provide them with advertising and public relations assistance which it was obligated to provide, while the company-owned stores received such assistance; infringed on the Eichmans' territory by locating company-owned stores too close to their store; and misrepresented the amount of competition the Eichmans would face from the company-owned stores. On September 7, 1977, the Eichmans accepted a settlement offer of $7,500 made by Fotomat under Code of Civil Procedure section 998. In May 1978, a judgment based on the settlement was entered nunc pro tunc as of September 7, 1977.

On April 21, 1978, the Eichmans filed this action. The complaint here is much more detailed than was the complaint in the first action as it contains factual allegations regarding Fotomat's price-fixing schemes and its failure to provide certain goods and services it had promised the Eichmans which were not included in the first complaint. The general nature of the wrongs alleged in the two complaints, however, are the same, as is the injury claimed: the inability of the Eichmans to compete on equal footing with Fotomat's company-owned stores. The complaint here states causes of ac-

tion for breach of contract, restraint of trade, monopoly, fraud, conversion, accounting, breach of fiduciary duty and declaratory relief.

Fotomat demurred to all causes of action except the accounting and declaratory relief counts on the ground the claims are barred by the res judicata effect of the judgment in the first action. In support of its demurrer, Fotomat asked the superior court to judicially notice a complaint against it in another case (the *King* case), in which the Eichmans are not parties. The *King* case was brought by other franchisees of Fotomat in 1976. The complaint in that case is almost identical to the one filed by the Eichmans here. Fotomat also asked the court to judicially notice the Eichmans' answer to an interrogatory Fotomat sent them in the first action. The interrogatory asked the Eichmans what expert witnesses they intended to call at trial; the Eichmans' answer listed the plaintiffs in the *King* case. Fotomat argued these documents show the Eichmans knew or should have known of the basis for its complaint here before they agreed to settle their first action. The superior court sustained the demurrer with leave to amend.

The Eichmans amended their complaint, adding allegations Fotomat fraudulently concealed the full extent of its wrongs until after judgment was entered in the first action. Fotomat again demurred on the ground of res judicata. On February 27, 1979, the superior court sustained the second demurrer without leave to amend. In March 1982 the Eichmans voluntarily dismissed their accounting and declaratory relief claims. In April 1982 a judgment favoring Fotomat was entered.

After the superior court here sustained Fotomat's demurrer without leave to amend, but before judgment was entered, the Eichmans filed yet another suit against Fotomat, this time in the federal District Court for the Southern District of California. The same general fact pattern pleaded here was also relied on in that action. In April 1982 the federal court dismissed that suit, finding the original suit raised the same cause of action and is res judicata. The court found the Eichmans' allegations of fraudulent concealment of information are without merit as the record of the original action shows the information allegedly concealed was available to the Eichmans.

■ Whenever a judgment in one action is raised as a bar to a later action under the doctrine of res judicata, the key issue is whether the same cause of action is involved in both suits. California law approaches the issue by focusing on the "primary right" at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. (See *Slater* v. *Blackwood* (1975) 15 Cal.3d 791,

795 [126 Cal.Rptr. 225, 543 P.2d 593]; *Boccardo* v. *Safeway Stores, Inc.* (1982) 134 Cal.App.3d 1037, 1043 [184 Cal.Rptr. 903]; *Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390, 399 [177 Cal.Rptr. 398]; *Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 447 [164 Cal.Rptr. 913]; *Merry* v. *Coast Community College Dist.*, (1979) 97 Cal.App.3d 214, 224-225 [158 Cal.Rptr. 603]; *Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214, 216-217 [107 Cal.Rptr. 270].) "A cause of action is based upon the nature of a plaintiff's injury. ' ". . . The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the *facts* from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the *facts* which constitute the defendant's delict or act of wrong." ' " (*Corral* v. *State Farm Mutual Auto. Ins. Co.*, (1979) 92 Cal.App.3d 1004, 1010 [155 Cal.Rptr. 342].) If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised (*Sutphin* v. *Speik* (1940) 15 Cal.2d 195, 202-203 [99 P.2d 652]).

■ The same primary right argued here was clearly also at stake in the Eichmans' first action against Fotomat. In both cases the harm alleged was economic injury caused by Fotomat creating a situation in which the company-owned stores enjoy a competitive edge over the franchise stores. The same types of wrongful acts by Fotomat were alleged in both suits: the provision of greater service at a lower cost to the company-owned stores, failure to provide the franchisees with the same advertising assistance given the company-owned stores and the placement of company-owned stores within areas which should have been reserved for franchise stores. The complaint here merely adds new theories of recovery and greater detail regarding the prices Fotomat charged the Eichmans. The superior court correctly found this suit raises the same causes of action as did the first action.

■ The Eichmans contend their current suit should not be barred by the earlier judgment despite the same cause of action being involved because Fotomat fraudulently concealed facts until after the judgment was entered. This contention is meritless for two reasons: (1) fraud or perjury by a party, which goes undiscovered until after judgment is entered, does not affect the finality and conclusiveness of the judgment and (2) the information allegedly concealed here would have been discovered had the Eichmans diligently investigated their case.

■ Fraud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, i.e., it deprived the opposing party of the opportunity to appear and present his case. ■ The suppression of

evidence is intrinsic fraud (*Beresh v. Sovereign Life Ins. Co.* (1979) 92 Cal.App.3d 547, 554 [155 Cal.Rptr. 74]; *Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 634 [99 Cal.Rptr. 393]). Therefore, a judgment does not lose its res judicata effect because it was entered while evidence was being suppressed (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472-473 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368]; *Preston v. Wyoming Pac. Oil Co.,* (1961) 197 Cal.App.2d 517, 528-531 [17 Cal.Rptr. 443]; *Estate of Bialy* (1959) 169 Cal.App.2d 479, 490-491 [337 P.2d 511]). █ "If the aggrieved party had a reasonable opportunity to appear and litigate his claim or defense, fraud occurring in the course of the proceeding is not a ground for equitable relief. The theory is that these matters will ordinarily be exposed during the trial by diligence of the party and his counsel, and that the occasional unfortunate results of undiscovered perjury or other intrinsic fraud must be endured in the interest of stability of final judgments." (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 197, p. 3768.)

Furthermore, by exercising due diligence the Eichmans would have discovered the information they allege Fotomat concealed. All the facts the Eichmans claim they did not know until after they agreed to settle their first action were presented in the *King* complaint, which was filed over a year before judgment was entered in the first Eichman action. The Eichmans were acquainted with the plaintiffs in the *King* action as they intended to call them as expert witnesses. An inquiry of those parties or an interrogatory to Fotomat asking about other litigation with franchisees would have revealed the *King* complaint and the unknown facts. █ The Eichmans, therefore, may not avoid the finality of the first judgment because ignorance of evidence which should have been discovered does not negate the application of res judicata (*McFaddin v. H. S. Crocker Co.* (1963) 219 Cal.App.2d 585, 589 [33 Cal.Rptr. 389]; *Wick v. Wick Tool Co.* (1959) 176 Cal.App.2d 677, 686-687 [1 Cal.Rptr. 531]; *Ruby v. Debovsky* (1954) 126 Cal.App.2d 21, 25-26 [271 P.2d 983]). "The principles of res judicata demand that the parties present their entire case in one proceeding. 'Public policy requires that pressure be brought upon litigants to use great care in preparing cases for trial and in ascertaining all the facts. A rule which would permit the re-opening of cases previously decided because of error or ignorance during the progress of the trial would in a large measure vitiate the effects of the rules of res judicata.' [Citation.] Courts deny relief, therefore, when the fraud or mistake is 'intrinsic'; that is, when it 'goes to the merits of the prior proceedings, which should have been guarded against by the plaintiff at that time.'" (*Kulchar v. Kulchar, supra,* 1 Cal.3d 467, 472-473.)

█ The Eichmans argue the judgment they agreed to in 1977 should not be given res judicata effect because if it is Fotomat will be free to treat them

any way it pleases, legal or illegal, because the res judicata ruling will "immunize" it from any lawsuit by the Eichmans. That is incorrect. The superior court's ruling here does not bar lawsuits based on illegal conduct by Fotomat occurring after the date judgment was entered in the Eichmans' first action. A judgment "precludes recovery on claims arising prior to its entry, [but] it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." (*Lawlor* v. *National Screen Service* (1955) 349 U.S. 322, 328 [99 L.Ed. 1122, 1127-1128, 75 S.Ct. 865].) The judgment entered in the Eichmans' first suit bars any future recovery for acts committed by Fotomat before the judgment was entered, but should Fotomat commit new wrongs, new suits may be brought (*City of Downey* v. *Johnson* (1978) 79 Cal.App.3d 970, 975 [145 Cal.Rptr. 298]; *Lortz* v. *Connell* (1969) 273 Cal.App.2d 286, 298 [78 Cal.Rptr. 6]; *Roberts* v. *Redlich* (1952) 111 Cal.App.2d 566, 569-570 [244 P.2d 933]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgments, § 190, p. 3331). This rule, however, does not allow the current suit because here the Eichmans are again seeking recovery for acts which occurred before judgment was entered in the first action. The complaint here was filed just seven months after the Eichmans accepted Fotomat's settlement offer in the first case and one month before judgment was entered in that case. The complaint alleges illegal conduct by Fotomat dating back to 1968. The superior court's ruling does not immunize Fotomat from liability for all future conduct; rather, it prohibits the Eichmans from suing on claims they have already settled, as they sought to do here.

■ The Eichmans' final contention, the judgment in the first action is not res judicata because it followed a settlement rather than a trial, is absurd. Such a rule would allow a plaintiff to accept a settlement from the defendant and then turn around and sue again. For this reason, a judgment following a settlement bars future actions to the same extent as a judgment entered after a full trial (4 Witkin, Cal. Procedure (2d ed. 1971) Judgments, § 170, p. 3312, and Proceedings Without Trial, § 40, p. 2706).

The judgment is affirmed.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied October 31, 1983, and appellants' petition for a hearing by the Supreme Court was denied December 28, 1983.