972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillipe Dell FARGO, Plaintiff-Appellant,
v.
Robert BORG, Warden, Defendant-Appellee.
 No. 91-16497.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillipe Dell Fargo, a California state prisoner, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action on the ground that he had litigated the issues in a prior state action. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 1291, and we review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 Issues that were litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal section 1983 suit as they enjoy in the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 96 (1980); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). Under California law, res judicata precludes a plaintiff from litigating a claim if the claim relates to the same "primary right" as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party to the prior action. Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985) (citations omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff seeks different forms of relief and/or adds new facts supporting recovery." Eichmann v. Fotomat Corp., 197 Cal.Rptr. 612, 614 (Cal.Ct.App.1983). Thus, a final judgment on the merits bars relitigation of all issues that were actually litigated as well as all issues that might have been litigated as part of the cause of action. Merry v. Coast County Community College Dist., 158 Cal.Rptr. 603, 609 (Cal.Ct.App.1979).
 
 
 4
 In his federal complaint, Fargo alleged that for two days in June 1988 and nine days in October and November 1988, he was housed in the reception center at New Folsom Prison for processing into the general population following his return to prison after court appearances. During this period, he allegedly was temporarily deprived of his legal documents and denied access to the law library or adequate assistance from persons trained in the law. Fargo previously litigated his claim regarding deprivation of his legal documents in Superior Court in Sacramento County, California. Although he did not specifically assert his claim regarding actual denial of access to a law library or adequate assistance from persons trained in the law, this claim involves the same "primary right" litigated in the state court action. See Eichmann, 197 Cal.Rptr. at 614. The district court properly granted summary judgment in favor of the defendants. See Trujillo, 775 F.2d at 1366.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3