39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold J. RUCKER, Plaintiff-Appellant,
v.
CITY OF OAKLAND; Officer Jackson, Abandoned Auto Div.;
Officer Conner, Abandoned Auto Div.; and Oakland
Police Department, Defendants-Appellees.
 No. 93-17208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Rucker appeals pro se the district court's summary judgment in favor of the City of Oakland and two of its police officers (referred to collectively as "the City") in his 42 U.S.C. Sec. 1983 action, alleging that the City's towing of his automobile, which had been deemed abandoned, deprived him of property without due process of law in violation of the Fourteenth Amendment. Rucker contends the district court erred by ruling that the action was barred by res judicata based on a final judgment on the same claim in small claims court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review the district court's grant of summary judgment based on res judicata de novo. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 
 
 4
 A federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 96 (1980). In California, a small claims court judgment is final and res judicata precludes future actions on the same claim or cause of action. Sanderson v. Niemann, 110 P.2d 1025, 1030 (Cal.1941). "A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 543 P.2d 593, 594 (Cal.1975) (en banc).
 
 
 5
 The California courts employ the primary rights theory to determine whether the same cause of action is at issue. Eichman v. Fotomat Corp., 197 Cal.Rptr. 612, 614 (Cal.Ct.App.1983). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. Thus, the invasion of one primary right gives rise to a single cause of action. Slater, 543 P.2d at 594. Moreover, "[i]f the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." Eichman, 197 Cal.Rptr. at 614.
 
 
 6
 After refusing to pay the City the fees required to obtain the release of his towed car, Rucker brought an action in small claims court demanding compensation for the car. That court found that the car was improperly towed, and awarded Rucker towing and storage fees and court costs. Because both the small claims court action and Rucker's federal court action arise from the same incident and involve the same injury to the plaintiff and wrong by the defendants, both involve the same primary right and constitute the same cause of action under California law. See id.; 4 Witkin, California Procedure: Pleading, Secs. 23-25, at 66-69. Consequently, the small claims court judgment poses a res judicata bar to this federal action. See Sanderson, 110 P.2d at 1030. In addition, the fact that Rucker's constitutional claim was not presented to the small claims court does not undermine the res judicata effect of its judgment. See Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 84-85 (1984).
 
 
 7
 There is no merit to appellant's argument that his section 1983 claim should be excepted from the general rule concerning claim-splitting because he could not have brought a section 1983 action or sought punitive damages in the small claims court. The preclusion rule against claim-splitting applies to a plaintiff who chooses to bring his claim to a limited court of jurisdiction if he could have brought the same claim in a court of broader jurisdiction in the same state. 18 Wright, Miller & Cooper, Federal Practice and Procedure Sec. 4412, at 95 (1981); see also Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 383 n. 3 (1985). Because California courts are empowered to accept concurrent jurisdiction over section 1983 claims, see Martinez v. California, 444 U.S. 277, 283 n. 7 (1980), Rucker could have brought his claim in California Superior Court. Therefore, even if the small claims court lacked jurisdiction over section 1983 claims or could not award punitive damages, the rule against claim-splitting bars Rucker's subsequent suit. Because Rucker's action in federal court is barred by the small claims court judgment, the district court properly granted summary judgment for the defendants.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3