67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dana K. FERRELL, an individual, Plaintiff-Appellant,
v.
The COUNTY OF SAN DIEGO, a California public entity; the
County of San Diego Board of Supervisors, a
California public entity, Defendants-Appellees.
 Nos. 94-55418, 94-55741.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Dana K. Ferrell appeals the district court's (1) summary judgment (No. 94-55418) in favor of defendants in Ferrell's 42 U.S.C. Sec. 1983 action alleging that defendants violated Ferrell's due process and equal protection rights when they arbitrarily denied his application for a land use permit to operate a recycling facility; and (2) denial of Ferrell's motion for reconsideration (No. 94-55741). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo a district court's grant of summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986) We may affirm the district court's decision on any grounds finding support in the record. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We affirm the district court on the basis that Ferrell's section 1983 action, alleging violations of his right to equal protection and due process, is barred by the doctrine of res judicata.
 
 A. Background
 
 5
 On March 1, 1991, Ferrell filed a petition for writ of administrative mandamus and a complaint for inverse condemnation and declaratory relief in San Diego Superior Court. The parties agreed to stay the inverse condemnation cause of action in the complaint until the court issued a final decision on the petition writ of mandamus.
 
 
 6
 In his petition for a writ of mandamus, Ferrell alleged that the San Diego County Board of Supervisors's ("Board") decision to deny him a conditional use permit for the recycling facility was not supported by substantial evidence. On July, 14, 1992, the superior court issued a decision denying the mandamus petition on the basis that the Board's decision was supported by substantial evidence. On April 4, 1993, Ferrell amended his complaint, which was still pending in the superior court, to add a cause of action under 42 U.S.C. Sec. 1983. The new cause of action alleged that the County had violated Ferrell's due process and equal protection rights by arbitrarily denying his application for a permit to construct the recycling facility.
 
 
 7
 Defendants removed the action and subsequently filed a motion for summary judgment, arguing that Ferrell's section 1983 action was barred by res judicata and that his claim for inverse condemnation was meritless. The district court granted defendants' summary judgment motion as to Ferrell's section 1983 action and remanded the inverse condemnation claim to state court. Ferrell timely appealed the district court's summary judgment order, and obtained a stay of the remand order pending resolution of the case on appeal.
 
 B. Merits
 
 8
 "It is well settled in California that the doctrine of res judicata applies to judgment in mandamus proceedings." Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 n. 1 (9th Cir.1986) (citing Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control, 55 Cal.2d 728, 733 (1961)). Moreover, a section 1983 claim may be brought in California state court, and "a claim involving federal constitutional rights may be joined to a California mandamus action." Clark, 785 F.2d at 786, 786 n. 5. Indeed, California courts have expressly stated that a writ of mandate is an appropriate remedy for the enforcement of a civil right." Id. at 786 n. 5 (citing Hardy v. Stumpf, 37 Cal.App3d 958 (1974)).
 
 
 9
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). Res judicata applies not only to those claims actually litigated in the first action, but also to those which might have been litigated as part of that cause of action. Clark, 785 F.2d at 786
 
 
 10
 Under California law, the issue of res judicata is approached by focusing on the "primary right" at stake. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seek different forms of relief and/or adds new facts supporting recovery." Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174-75 (1983)).
 
 
 11
 Here, the allegations made before the state court in Ferrell's mandamus petition substantially overlap with those allegations made in Ferrell's section 1983 cause of action. In his section 1983 action, Ferrell alleged in part, that contrary to the Board's findings, the recycling facility qualified as a "civil use," that the facility would have little if any harmful effect on the neighborhood character, and that the area was of marginal importance as a wetland site. In Ferrell's mandamus action, however, the superior court already had concluded that substantial evidence supported the Board's findings that the facility did not qualify as a "civil use," that the project would have harmful effects upon neighborhood character, and that it would result in the loss of wetland habitat.
 
 
 12
 Ferrell's section 1983 action involves the same primary right that was litigated in the mandamus proceeding: whether he is entitled to a land use permit. Although Ferrell may not have raised all of his section 1983 due process and equal protection claims in the state court mandamus proceeding, he had the opportunity to do so. Id. at 786. Accordingly, we affirm the district court's summary judgment in favor of defendants in Ferrell's 42 U.S.C. Sec. 1983 action.
 
 II
 Motion for Reconsideration
 
 13
 In his motion for reconsideration, Ferrell asserted that the district court erred by granting summary judgment in favor of defendants without giving Ferrell adequate notice that the court would be considering the merits of his case rather then the res judicata arguments asserted by the parties. Given our disposition of this appeal, we find the issues raised in Ferrell's motion for reconsideration moot. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (holding that matter is moot when the issues are no longer "live" and parties lack cognizable interest in the outcome). Accordingly, we affirm the district court's dismissal of Ferrell's motion for reconsideration.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we reject Appellee's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3