United States Court of Appeals,

Fifth Circuit.

No. 95-30009.

PRODUCTION SUPPLY CO., INC.; Production Supply Co. of
Washington, Inc., Plaintiffs-Appellants,

v.

FRY STEEL INC.; Cadwalader, Wickersham and Taft; Fry Steel Co.,
improperly named as Fry Steel, Inc., Defendants-Appellees.

Feb. 5, 1996.

Appeal from the United States District Court For the Eastern
District of Louisiana.

Before REYNALDO G. GARZA, JOLLY and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Production Supply Company, Inc. (PSC) and Production Supply
Company of Washington, Inc. (PSCW) appeal the dismissal of their
malicious prosecution action against Fry Steel Company (Fry) and
Cadwalader, Wickersham and Taft (Cadwalader). Appellants seek
recovery for harm allegedly sustained as a result of Fry and
Cadwalader's commencement and maintenance of a civil action against
them in California state court. Because Appellants raised a
similar claim in the California action, the district court held
that the malicious prosecution claim was barred by *res judicata.*
We affirm.

BACKGROUND

*I. The California State Action*

Fry sued PSC and PSCW in California state court seeking money
damages for steel products sold by Fry to Sharp Steel, claiming
that Appellants had guaranteed Sharp Steel's obligations. A year

1

and a half after filing the California suit, Cadwalader began to represent Fry. A lengthy and contentious period of discovery followed. Eventually, Fry dismissed its suit voluntarily without prejudice pursuant to California law.

Shortly after the dismissal, Appellants instituted proceedings against Fry and Cadwalader in the California Superior Court under section 128.5 of the California Code of Civil Procedure, which provides sanctions for bad-faith litigation. Appellants sought a monetary award, including attorneys' fees, on the grounds that "the lawsuit, actions and tactics ... were frivolous, harassing, and conducted in bad faith." After hearing oral argument, the Superior Court ruled in favor of Fry and Cadwalader on these issues and denied the section 128.5 motion. PSC and PSCW did not appeal this decision.

## II. The Louisiana Federal Action

Upon denial of the section 128.5 motion, PSC and PSCW sued Fry and Cadwalader in the Eastern District of Louisiana for malicious prosecution. Fry and Cadwalader moved to dismiss for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6), asserting that the parties' earlier litigation of the same alleged harm and conduct barred this later-filed action under the doctrine of *res judicata.* Applying California law, the district court held that *res judicata* precluded relitigation of the claim raised in the malicious prosecution suit. Accordingly, the district court granted the motion to dismiss and entered judgment in favor of Fry and Cadwalader.

DISCUSSION

*I. Standard of Review*

A district court's ruling on the application of *res judicata* is reviewed *de novo*. *See E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1287 (9th Cir.1992).

*II. Res Judicata*

"A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *E.D. Systems Corp. v. Southwestern Bell Tel. Co.,* 674 F.2d 453, 457 (5th Cir.1982). Because Appellees' argue that the California state court judgment precludes this malicious prosecution lawsuit, we must look to the *res judicata* law of California.

Under California law, *res judicata* bars a claim when: (1) the prior litigation resulted in a final judgment on the merits; (2) privity exists between the parties in the prior action and the present action; and (3) the present action or proceeding relates to the same primary right as did the prior action. *See* Cal. C.C.P. § 1908(a)(2); *Busick v. Workmen's Comp. Appeals Bd.,* 7 Cal.3d 967, 974, 500 P.2d 1386, 104 Cal.Rptr. 42 (Cal.1972). Finality and privity are clearly established and not disputed in this case. Therefore, we need only address whether the malicious prosecution claim concerns the same primary right as the section 128.5 adjudication.

Under the "primary right" theory, "the underlying right sought to be enforced determines the cause of action. In

3

determining the primary right, the significant factor is the harm suffered." *Takahashi v. Board of Education,* 202 Cal.App.3d 1464, 1474, 249 Cal.Rptr. 578, 584 (Cal.Ct.App.1988), *cert. denied,* 490 U.S. 1011, 109 S.Ct. 1654, 104 L.Ed.2d 168 (1989). Only one primary right exists when two actions involve the same harm to the plaintiff, even when different legal theories and remedies are available for that particular harm. *Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 1174-75, 197 Cal.Rptr. 612 (Cal.Ct.App.1983). Consequently, "numerous cases hold that when there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory ... or seeks a different remedy...." *Crowley v. Katleman,* 8 Cal.4th 666, 881 P.2d 1083, 1091, 34 Cal.Rptr.2d 386, 394 (Cal.1994).

Our inquiry, therefore, must be whether the section 128.5 and malicious prosecution actions address the same harm to PSC and PSCW. Section 128.5 allows litigants to seek a monetary award for damages incurred "as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." Cal. C.C.P. § 128.5(a).[1] " 'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint.... 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." Cal. C.C.P. § 128.5(b). Thus, section 128.5 compensates the injured party for the harms

---

[1]This section was amended as of January 1995. The amendment is not material to the case before us.

resulting from frivolous or dilatory actions.

In federal court, Appellants brought a malicious prosecution claim. "Malicious prosecution" generally provides redress when an action is brought without probable cause and is initiated with malice. *Bertero v. National General Corp.*, 13 Cal.3d 43, 50, 529 P.2d 608, 614, 118 Cal.Rptr. 184, 190 (1974). "The malicious commencement of a civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice." *Id.* The individual suffers a particular harm: being "compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings." *Id.* at 50-51, 529 P.2d 608, 118 Cal.Rptr. 184.

To determine whether the section 128.5 proceeding and malicious prosecution claim targeted the same harm, we look to Appellants' pleadings in the respective actions. In the California state action, PSC and PSCW alleged that Fry and Cadwalader's actions were "frivolous, harassing and conducted in bad faith," and that they "should be compensated for being the victims of a joint Cadwalader-Fry vendetta." Likewise, the federal malicious prosecution complaint charged that Fry and Cadwalader "commenced and continued [the California lawsuit] for the purpose of harassment and intimidation" and that the plaintiffs "suffered

extensive damages" as a result of that same conduct.

Although malicious prosecution and section 128.5 claims can address different harms, in this case the specific harm alleged in the malicious prosecution complaint is identical to the harm that was previously adjudicated in the section 128.5 proceeding. Therefore, we hold that the malicious prosecution claim is barred by California's *res judicata* doctrine.

Appellants argue that different primary rights are at stake because distinct procedures and remedies underlie the two theories of liability. However, these differences are irrelevant under California's "primary right" analysis. Courts must focus on the similarity in the harms alleged in the first and second proceedings, not the differences in procedures and remedies. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 1174-75, 197 Cal.Rptr. 612 (Cal.Ct.App.1983); *see also Busick v. Workmen's Comp. Appeals Bd.,* 7 Cal.3d 967, 975, 500 P.2d 1386, 1392, 104 Cal.Rptr. 42, 48 (Cal.1972) ("Violation of one primary right in the instant case constitutes a single cause of action even though two mutually exclusive remedies are available.").

In addition, Appellants' characterization of the section 128.5 motion as a "procedural rule" does not automatically bar the

6

application of *res judicata.* The proper inquiry is whether the proceeding resulted in a final judgment on the merits. *See* Cal. C.C.P. § 1908(a)(2). The California court made a determination on the merits of the claim after the parties briefed the issue, submitted evidence in support of their position, and presented oral argument. A claim adjudicated pursuant to section 128.5 "is dispositive of the rights of the parties," and therefore, operates as a final judgment on the merits. *Imuta v. Nakano,* 233 Cal.App.3d 1570, 1580, 285 Cal.Rptr. 681, 687 (Cal.Ct.App.1991). Thus, there is no reason why *res judicata* principles should not apply.

PSC and PSCW further argue that section 128.5 is only an additional remedy and can never preclude a later suit for malicious prosecution. Appellants rely on subparagraph (e) in § 128.5: "The liability imposed by this section is in addition to any other liability imposed by law for acts or omissions within the purview of this section." However, this section in no way requires that the court permit parties to bring both a section 128.5 action and a malicious prosecution claim about the same harm. Rather, the paragraph only makes clear that *either* remedy is available and that section 128.5 was not intended to abolish common law causes of action.

Although section 128.5 is not always an exclusive remedy, there is no evidence that the legislature intended to carve out a statutory exception to the doctrine of *res judicata.* To the contrary, the legislative intent in enacting section 128.5 was to "broaden the powers of trial courts to manage their calendars and

7

provide for the expeditious processing of civil actions by authorizing monetary sanctions now not presently authorized...." Stats.1981, ch. 762, § 2, p. 2968. The California Supreme Court further clarified section 128.5's purpose:

> While the filing of frivolous lawsuits is certainly improper and cannot in any way be condoned, in our view the better means of addressing the problem of unjustified litigation is through the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself, rather than through an expansion of the opportunities for initiating one or more additional rounds of malicious prosecution litigation after the first action has been concluded.

*Sheldon Appeal Co. v. Albert & Oliker,* 47 Cal.3d 863, 873, 765 P.2d 498, 503, 254 Cal.Rptr. 336, 341 (Cal.1989).

Thus, when meritless litigation is brought in bad faith, California courts have viewed "the imposition of [section 128.5] sanctions as a substitute for a malicious prosecution action." *Andrus v. Estrada,* 39 Cal.App.4th 1030, 46 Cal.Rptr.2d 300, 304 (Cal.Ct.App.1995) (holding that trial court's imposition of sanctions under section 128.5 was not an unconstitutional "substitution of judge-imposed sanctions for the common law action of malicious prosecution"). Even though either claim may be pursued, case law suggests that a section 128.5 proceeding "might be a preferable alternative to a malicious prosecution lawsuit." *Triplett v. Farmers Ins. Exch.,* 24 Cal.App.4th 1415, 1423, 29 Cal.Rptr.2d 741, 745 (Cal.Ct.App.1994).

Appellants cite the California Supreme Court's observation in *Crowley v. Katleman,* 8 Cal.4th 666, 881 P.2d 1083, 1095, 34 Cal.Rptr.2d 386, 398 (Cal.1994), that the legislature did not

8

intend to "substitute section 128.5 for the cause of action for malicious prosecution." Read in its proper context, however, the court was simply rejecting the argument that the legislature abolished all malicious prosecution claims by enacting section 128.5. Moreover, *Crowley* is not a *res judicata* case, and the court never implied that a claim for malicious prosecution can be brought after a section 128.5 proceeding already adjudicated the very same harm.

Appellants finally argue that the district court erroneously ignored section 1038 of the California Code of Civil Procedure, which unlike section 128.5, explicitly bars a later claim for malicious prosecution when relief is requested under the statute. Section 1038's scope, however, is more limited than section 128.5. The statute provides for the award of attorneys' fees and expert witness costs when California Tort Claims Act claims or civil actions for indemnity and contribution are brought in bad faith and without reasonable cause.[2]

Because a section 1038 motion is necessarily based upon an allegation that the plaintiff in the underlying case brought the action in bad faith and without reasonable cause, an action for malicious prosecution will always involve the same claimed harm to the plaintiff. Thus, the same primary right would be addressed in each instance. By contrast, under section 128.5, the same primary right may sometimes be addressed by a malicious prosecution action,

---

[2]Even in those limited instances, the statute only applies when the defendant prevails on a motion for summary judgment, directed verdict, or nonsuit.

but not always.[3]  Section 128.5's silence regarding later claims for malicious prosecution, therefore, is not an admission that the same primary right can never be at stake in both actions.  It merely signifies that *res judicata* will not bar a later action in *every* case.

*III. Certification*

Appellants ask this Court to certify to the California Supreme Court a question regarding the application of the *res judicata* doctrine to section 128.5 and a later-filed malicious prosecution claim.  A federal court, however, cannot compel a state court to answer questions in the absence of state procedure, and California has no certification procedure.  *See Board of Airport Commissioners v. Jews for Jesus, Inc.,* 482 U.S. 569, 575, 107 S.Ct. 2568, 2572-73, 96 L.Ed.2d 500 (1987).

CONCLUSION

For the foregoing reasons, the decision of the trial court is AFFIRMED.

---

[3]For example, a section 128.5 proceeding may sanction unnecessary delays, but not address whether the claim itself was brought in bad faith.  That is not the case here.  In this instance, both the section 128.5 and malicious prosecution claims charge that Fry and Cadwalader sued for the purpose of harassment and intimidation.