**Aurelio Cervantes MORALES, an individual, Plaintiff— Appellant,**

**v.**

**CITY OF LOS ANGELES, A California Municipal Corporation; Antonia Dimarco–Serna, an individual; Bennie Boatwright, an individual; Stan Nelson, an individual; Gregory D. Beckley, an individual; John Chavez, an individual, Defendants—Appellees.**

No. 02–55649.

D.C. No. CV 98–03939 CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 27, 2003.

\* This disposition is not appropriate for publica-

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM \*

Plaintiff Aurelio Cervantes Morales ("Cervantes") appeals the district court's

tion and may not be cited to or by the courts

grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that police officers and the City of Los Angeles violated his rights by conspiring to fabricate evidence and suborn perjury in his state court action for false arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cervantes contends that he was precluded from obtaining a fair trial in his state court proceedings because Officer Gregory Beckley fabricated arrest records and lied about the time he arrived at the scene of Cervantes' arrest. In California, "[f]raud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, *i.e.*, it deprived the opposing party of the opportunity to appear and present his case." *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (Ct.App.1983). Concomitantly, the suppression of evidence is classified as intrinsic fraud and therefore is not a ground for invalidating the judgment. *Id.* at 614–15. In this case, as in *Eichman*, diligent discovery would have unearthed the evidence that Cervantes asserts defendants concealed. Accordingly, Cervantes has had a full and fair opportunity to try his case despite any evidence of intrinsic fraud. *Cedars–Sinai Med. Ctr. v. Superior Court*, 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511, 516–17 (Cal.1998) ("[W]hen [the aggrieved party] has a trial, he must be prepared to meet and expose perjury then and there.... If, unfortunately, he fails, being overborne by perjured testimony ... he is without a remedy.").

Moreover, the issue of fabrication was actually litigated. The state trial court stated: "I'll make a finding right now that the officer did not fabricate any evidence." The California Court of Appeal also found that Cervantes' assertion was "unsupported by the evidence or any inferences from the evidence." Accordingly, Cervantes litigated the fabrication issue in state court and is now precluded from raising the same issue in federal court.[1] *See Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997). We also conclude that, because Cervantes makes no showing that his rights were violated as a result of an "official policy or custom," the City of Los Angeles cannot be held liable under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**AFFIRMED.**[2]

---

of this circuit except as provided by Ninth Cir. R. 36–3.

1. To the extent defendants failed to plead issue preclusion as an affirmative defense, we may consider the issue *sua sponte* where, as here, the parties have been provided an opportunity to be heard on the issue. *See Clem-*

*ents v. Airport Auth. of Washoe County*, 69 F.3d 321, 330 (9th Cir.1995).

2. Defendants also contend that they are entitled to testimonial immunity. We do not reach this contention.