**NOT FOR PUBLICATION**

NOV 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD R. LANE, | No. 11-16268 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-05779-HRL |
| v. | |
| ANNE STAUSBOLL, CEO; ROB FECKNER, President of the Board of Administration of the California Public Employees' Retirement System (CalPERS), | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted November 13, 2012[***]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Richard R. Lane appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with the calculation of his California Public Employees' Retirement System pension benefit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Lane's action as barred by the doctrine of res judicata, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007), and we affirm.

The district court properly dismissed Lane's action on the basis of res judicata because Lane had a final adjudication on the merits of his pension calculation in California state court. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (preclusive effect of state court judgment is determined by the law of the state); *Eichman v. Fotomat Corp*., 197 Cal Rptr. 612, 614 (Ct. App. 1983) (under California law, res judicata bars second action "if two actions involve the same injury to the plaintiff and the same wrong by the defendant . . . even if in the second suit the plaintiff pleads different theories of recovery").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Lane's state law claims after dismissing his federal claims without leave to amend. *See* 28 U.S.C. § 1367(c)(3). We construe the dismissal of the state law claims to be without prejudice. *See Gini v. Las Vegas*

*Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Lane's remaining arguments about the merits of his claims are unpersuasive.

Lane's contention that defendants' filings constituted fraud on the court is not supported by the record.

**AFFIRMED.**

11-16268