**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MASAZUMI INOUE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>BANK OF AMERICA, N.A.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; THE<br>BANK OF NEW YORK MELLON, FKA<br>The Bank of New York as Trustee for the<br>Alternative Loan Trust 2005-17;<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2005-17,<br><br>        Defendants-Appellees. | No.   15-16699<br><br>D.C. No. 4:15-cv-01636-YGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 19, 2017[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and MURGUIA, Circuit Judges, and McCALLA,[***] District Judge.

Plaintiff-Appellant Masazumi Inoue ("Inoue") claims that Defendants-Appellees lacked legal authority to foreclose on his property because of recording defects. Inoue raised substantially similar claims in a California state court action that was ultimately dismissed with final judgment entered against Inoue. The district court concluded that Inoue's claims, having already been litigated in state court, were barred by res judicata and granted the defendants' motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under California law, res judicata applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party to be precluded was a party, or in privity with a party, to the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). Here, the three elements are clearly met.

Inoue does not argue on appeal that these elements are not met. Inoue appears to argue that res judicata does not apply because his claims in this action contain allegations that the defendants engaged in fraud related to the loan

---

[***] The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

2

securitization process.  There is no res judicata exception for such allegations of fraud.  *See Eichman v. Fotomat Corp.*, 197 Cal. Rptr. 612, 614–15 (Cal. Ct. App. 1983).  An opposing party can escape res judicata only on the basis of extrinsic fraud, i.e., fraud that "deprived the opposing party of the opportunity to appear and present his case" in the earlier judgment.  *Id.*  Inoue has neither argued nor provided any support for such extrinsic fraud.

We agree with the district court that Inoue's suit is barred by res judicata.

**AFFIRMED**.