**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS A. LAWELLIN, an individual and STEVEN ROHLIN, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE CITY OF INDIAN WELLS, a Municipal Corporation; et al., <br><br> Defendants-Appellees. | No.   16-56181 <br><br> D.C. No. <br> 5:13-cv-00731-JAK-SP <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,**
District Judge.

Douglas Lawellin and Stephen Rohlin ("Landowners") appeal the district

court's dismissal of their civil rights action as barred by collateral estoppel and/or

res judicata.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

1.      We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). "To determine the preclusive effect of a state court judgment federal courts look to state law. California's res judicata doctrine is based on a primary rights theory." *Id.* at 1031 (internal citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Eichman v. Fotomat Corp.*, 197 Cal. Rptr. 612, 614 (Ct. App. 1983)).

2.      The district court properly dismissed the Landowners' equal protection challenge to the hedge-height ordinance as barred by the doctrine of claim preclusion because the claim was based on the same primary right— enforceability of the ordinance—at issue in the prior state court nuisance abatement action. *See Furnace v. Giurbino*, 838 F.3d 1019, 1025 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2195 (2017) (affirming dismissal on claim preclusion grounds where a challenge involved "the same actions by the same group of officials at the same time that resulted in the same harm" (internal quotation marks omitted)).

16-56181

Appellants' motion to take judicial notice, docket 30, is granted.

AFFIRMED.