NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES W. SCHUBERT, | No. 17-16647 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00856-KAW |
| v. | |
| THE BANK OF NEW YORK MELLON, as successor trustee to JP Morgan Chase Bank, N.A., as Trustee for the Certificateholders of CWABS, Inc., CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-K and BANK OF AMERICA, N.A., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ,** District Judge.

This case is Plaintiff James Schubert's sixth suit concerning an equity line of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

credit secured by a deed of trust on Schubert's real property. In this suit, Schubert asserts quiet title and declaratory relief claims against Defendants, The Bank of New York Mellon and Bank of America, N.A., asserting that he does not owe Defendants money on the equity line of credit and that the deed of trust should no longer burden his property. The district court dismissed Schubert's claims. We have jurisdiction under 28 U.S.C. § 1291.

1.      We agree with the district court that Schubert's claims for quiet title and a declaration that he does not owe money on the equity line of credit are barred by *res judicata* because of the final judgment entered against Schubert in *Schubert v. Bank of New York Mellon* (*Schubert V*) in 2014. No. RG13662247 (Alameda Cty. Sup. Ct. Nov. 13, 2014). This case comes to us under diversity jurisdiction, and therefore requires us to apply California law, including California's *res judicata* principles, to Schubert's complaint. *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). California law declares that an entire claim is precluded under *res judicata* if (1) the claim raised is identical to a claim brought in a prior proceeding, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the claim is raised against a party to the prior proceeding or a party in privity with a party to the prior proceeding. *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). The second and third elements of this test are met, and only the application of the first element is at

2

issue.

California considers two claims to be identical when they attempt to vindicate the same "primary right" by asserting the same "right to be free from the particular injury suffered." *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 306–07 (Cal. 2002) (citations omitted). In both *Schubert V* and the current suit, Schubert asserted that he owes no money on the equity line of credit and that the deed of trust is not a valid encumbrance on his title. Stated another way, *Schubert V* and this suit both asserted the same right to be free of the same debt and lien. Despite the fact that the district court gave Schubert an opportunity to amend his complaint to state a claim about events after *Schubert V*, Schubert declined that opportunity and asked that final judgment be entered on his original complaint, which centered on the same facts as *Schubert V*.[1]

---

[1] The dissent's argument that this suit by Schubert asserts a second harm that should not be foreclosed by the prior judgment in *Schubert V* does not reflect well-established preclusion principles. The leading federal procedural treatise, Wright et al., discusses the problem of successive harms in several different kinds of contexts. *See, e.g.* 18A Charles Alan Wright et al., Federal Practice and Procedure § 4409 (3d ed. 2018 update). For example, § 4409 states that "[e]vents that are related in origin and nature may nonetheless involve such clear separations or discontinuities as to create separate causes of action without room for dispute. The easiest circumstances occur when the second action draws on facts or seeks remedies that simply could not have been asserted in the first action." *Id.* That situation would obviously arise if, for example, a distributor sued a manufacturer for a late shipment occurring one month into a longer-term contract and then sued again for another late shipment that became due after a final judgment in the first suit. Because the second late shipment could not have been discovered at the time

While Schubert characterizes his legal theory in the current suit differently than he did in *Schubert V*, claims that assert the same right to be free from injury are identical "even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)). The district court correctly concluded that Schubert's current claims to quiet title and for declaratory relief that Schubert owes nothing on the line of equity were

---

of the first suit, there should be no *res judicata* and it is clear the suit is on a separate harm. *See id.* at § 4408 ("Contract cases often can be resolved by a simple rule that the first suit must claim every breach that has then occurred."). The same type of situation can come up with violations of intellectual property rights in which a defendant commits further acts of alleged infringement after the final judgment in a prior infringement suit. Similarly, a plaintiff may allege "well-separated acts of discrimination or retaliation" without running afoul of *res judicata*. *Id.* at § 4409. But the types of successive harm in those circumstances are not present here. The complaint here did not allege that the line of credit was paid off after the first judgment or that some new basis for the quieting of Schubert's title has emerged after the first judgment. *Cf. id.* at § 4409 (noting that "defeat of a claim of title does not preclude assertion of an after-acquired title"). Rather, as in *Schubert V*, the allegation of harm was that the line of credit had been fully repaid before the judgment in *Schubert V*. Labeling this harm as "slander of title" in *Schubert V* and then seeking to "quiet title" in this action is not permitted after judgment in *Schubert V* when the harm alleged is precisely the same. The district court said that "[t]he dismissal of the quiet title action with prejudice is limited to the extent this action is based on the repayment of the debt in 2008" and gave Schubert an opportunity to amend his complaint to state a claim about events after *Schubert V*. Schubert declined that opportunity and asked that final judgment be entered on his original complaint, which centered on the same facts as *Schubert V*.

4

precluded by *res judicata* on this basis.

However, because Schubert could state a claim that is not barred by *res judicata* if he could allege in good faith that the status of his debt or title has changed since the final judgment in *Schubert V*, we vacate the district court's judgment on Schubert's claims for quiet title and a declaration that he does not owe money on the equity line of credit and remand to the district court to provide him a final opportunity to amend his complaint consistent with this disposition.

2.      Schubert's remaining claim, for a declaration to the effect that Defendants "cannot enforce any lien they have against the property" because of California's "one action rule," was also correctly dismissed by the district court. California Code of Civil Procedure § 726 provides, *inter alia*, that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property." The Bank of New York Mellon's 2014 suit seeking a declaration that its deed of trust was prior in right to another security interest on the property was not an "action for the recovery of any debt or the enforcement of any right secured" by the deed of trust. Cal. Civ. Proc. Code § 726. Seeking to establish the order of priority to any possible recovery is not an action seeking that recovery. Defendants have never attempted to judicially enforce their security and The Bank of New York Mellon's prior suit did not involve any claims against Schubert's possession of the property, any proceedings *in rem* against the

5

property, or any argument seeking to compromise whatever title Schubert possesses in his property. Schubert's claim for declaratory relief under the "one form of action" rule was properly dismissed for failure to state a claim. This portion of the district court's judgment is affirmed.

**AFFIRMED in part, VACATED in part, and REMANDED**

*Schubert v. The Bank of New York Mellon*, No. 17-16647



BERZON, Circuit Judge, dissenting:

I respectfully dissent.

In my view, this case is quite simple. In *Schubert V*, Schubert "request[ed] a determination of the validity of the Bank of New York lien as of December 1, 2012." He also brought an action for slander of title based on an alleged false representation made by the Bank of New York in April 2012 to a third party. In the present action, he is requesting a judicial determination as to whether now, as of 2017, the Bank of New York holds a valid deed of trust against Schubert's property, and whether Schubert now "owes [the Bank of New York] any sum of money as a result of the Equity Lien."

The two determinations Schubert is requesting in the current suit are not barred by claim preclusion, because neither claim could have been litigated in *Schubert V*. Both claims in the current suit relate to the state of affairs between Schubert and Bank of New York in 2017; *Schubert V* was litigated in 2013.

I therefore dissent.