79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernetta STEELE, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; Eloise Anderson;
County of Los Angeles; Dept. of Public Social
Services; Maximus of Virginia; Phillis
Crawford, Eddy Taneka,
Defendants-Appellees.
 No. 95-55638.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.**
March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vernetta Steele appeals pro se the district court's dismissal of her action under 42 U.S.C. §§ 1983, 1985(3), 1986. Steele contends that the doctrine of res judicata does not bar her claims that her civil rights were violated when Appellees reduced or terminated her food stamps, State Aid to Families with Dependent Children benefits, and Medi-Cal benefits. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal under Fed.R.Civ.P. 12(b)(6) de novo, Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), affirm in part, and vacate and remand in part.[1]
 
 
 3
 We review dismissal of an action on res judicata grounds de novo. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). We look to California law to determine if a claim is barred under res judicata principles. See id. at 364.
 
 
 4
 Steele contends that some of the claims in her complaint could not have been raised in the state court proceedings. We agree with her. The doctrine of res judicata does not bar a claim where, after a state judgment, new facts or conditions intervene that form a new basis for the claim. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 789 (9th Cir.1986).
 
 
 5
 Steele alleged in her complaint that: (1) on December 1, 1993, "the defendants failed to send her notice that the sanction period [for her benefits] had ended and also failed to resume benefits"; and (2) on March 1, 1994, the California Department of Social Services (DSS) and the Los Angeles County Department of Public Social Services withheld medical benefits without just cause. The facts alleged in these two claims occurred after any of the state court judgments, and constitute different claims than those determined by the state court judgments. Accordingly, dismissal of the claims arising from the facts alleged to have occurred on December 1, 1993, and March 1, 1994 on res judicata grounds was improper. See id.[2]
 
 
 6
 Steele challenges the dismissal of her remaining claims on res judicata grounds. She contends that the decision of a state administrative law judge cannot have preclusive effect because Steele did not have an adequate opportunity to litigate her federal claims. We disagree.
 
 
 7
 An administrative proceeding may be given preclusive effect if the administrative agency is acting in a judicial capacity and resolves disputed factual issues. See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir.1994), cert. denied, 115 S.Ct. 2613 (1995). A claim involving federal constitutional rights may be joined to a California mandamus action. See Clark, 785 F.2d at 786 n. 5.
 
 
 8
 A California administrative law judge determined that the reduction of Steele's benefits was proper. Steele then filed a writ of mandate in superior court contending that the administrative determination was erroneous. The claims in her writ and subsequent appeals were rejected.
 
 
 9
 Steele has provided no facts or argument indicating that she was precluded from a full and fair opportunity to litigate her claims before the state administrative law judge. See Miller, 39 F.3d at 1033. Furthermore, she had the opportunity to raise constitutional claims in her writ of mandate. See Clark, 785 F.2d at 786 n. 5. Accordingly, the decision of the administrative law judge is res judicata to her civil rights claims in federal court. See id. at 786-87.
 
 
 10
 Steele next claims that, in all of the proceedings she pursued in the California courts, the Appellees engaged in fraud, rendering the state judgments void. Thus, she contends that preclusion under res judicata is inappropriate. Some authority exists in California for refusing to apply res judicata when doing so results in manifest injustice. See Slater v. Blackwood, 543 P.2d 593, 595 (Cal.1975) (noting that doctrine has been "severely criticized" and is of doubtful validity).
 
 
 11
 We note first that Steele has not attempted to set aside any of the state judgments against her because they were obtained fraudulently. Second, most of Steele's allegations do not to amount to fraud. Finally, to the extent that she does allege that Appellees made fraudulent statements, we fail to see how applying res judicata to her claims would constitute manifest injustice. See id.
 
 
 12
 Steele's remaining contentions are without merit. We agree with the district court that DSS is immune from suit under the Eleventh Amendment and is not a proper defendant under 42 U.S.C. § 1983. We affirm the dismissal of all claims against DSS, including those arising from the events on December 1, 1993, and March 1, 1994, for the reasons stated by the district court. The district court did not err by refusing to issue a preliminary injunction. See Miller ex rel. NLRB v. California Pacific Medical Center, 19 F.3d 449, 455 (9th Cir.1994) (en banc). Steele may not appeal the denial of a default judgment. See Bird v. Reese, 875 F.2d 256, 256 (9th Cir.1989).
 
 
 13
 We AFFIRM the dismissal of all claims against DSS. We VACATE the dismissal of Steele's claims against the remaining Appellees arising from the facts occurring on December 1, 1993 and March 1, 1994, and remand for further consideration of those claims. Finally, we AFFIRM the dismissal of Steele's remaining claims against all Appellees based on res judicata. Each party shall bear its own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Steele incorrectly assumes that the district court converted a motion to dismiss under Fed.R.Civ.P. 12(b)(6) into summary judgment. The district court considered only the complaint and matters that may be judicially noticed. See Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir.), cert. denied, 116 S.Ct. 418 (1995)
 
 
 [2]
 Because Steele filed her federal complaint within one year of when the claims arose, the applicable statute of limitations does not bar the claims. See Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987)